UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ELADIO BURGOS, JR.,

        Plaintiff,

-vs-                                                Case No. 2:10-cv-194-FtM-29SPC

VALLEYCREST GOLF COURSE
MAINTENANCE, INC., a Foreign Profit
Corporation,

        Defendant.
_____

## ORDER

        This matter comes before the Court on Defendant ValleyCrest Golf Course Maintenance Inc.'s Consent Verified Motion to Vacate Clerk's Entry of Default (Doc. #11) filed on June 3, 2010. The Defendant moves the Court to vacate the entry of Clerk's Default entered on May 26, 2010. The Motion was referred to this Court on June 4, 2010.

        The Court may set aside the entry of a Clerk's Default for "good cause." Fed. R. Civ. P. 55(c). "Good cause" is a mutable standard which varies from situation to situation. Sobkowski v. Wyeth, Inc., 2004 WL 3569703 *2 (M.D. Fla. June 4, 2004) (citing Compania Interamericana Export-Import, S.A. v. Compania Dominicana De Aviacion, 88 F.3d 948, 951 (11th Cir.1986)). It is also a liberal standard - "but not one so elastic as to be devoid of substance." Sobkowski, 2004 WL 3569703 at *2.

        Although there is no set formula for determining whether good cause exists, federal courts commonly apply the following guidelines: (1) whether the default was the result of culpable conduct on the part of the defendant; (2) whether the plaintiff would be prejudiced if the default should be

set aside; and (3) whether the defendant presents a meritorious defense. Id. (citing In re Dierschkle, 975 F. 2d 181, 183 (5th Cir. 1992)). These factors are guidelines only and thus "[w]hatever factors are employed, the imperative is that they are regarded simply as a means of identifying circumstances which warrant the finding of good cause to set aside a default. However, if a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief." Sobkowski, 2004 WL 3569703 at *2 (citing Shepard Claims Service, Inc. v. William Darrah & Associates, 796 F. 2d 190, 194-195 (6th Cir. 1986)).

Here, Counsel indicates that the Summons and Complaint in this case were inadvertently placed in a file without counsel for ValleyCrest having seen them and Plaintiff does not oppose the Motion. Thus, the failure to file a timely answer was unintentional and the Court will vacate the entry of Clerk's Default.

Accordingly, it is now

**ORDERED:**

(1)  The Defendant ValleyCrest Golf Course Maintenance Inc.'s Consent Verified Motion to Vacate Clerk's Entry of Default (Doc. #11) is **GRANTED**.

(2)  The Clerk of Court is directed to docket Defendant's Answer and Affirmative Defenses, filed as Attachment 1 to Doc. #12, as a separate entry on the docket sheet.

**DONE AND ORDERED** at Fort Myers, Florida, this   4th   day of June, 2010.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record