**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

ELADIO BURGOS, JR.,

                Plaintiff,

-vs-                                                        Case No.  2:10-cv-194-FtM-29SPC

VALLEYCREST GOLF COURSE
MAINTENANCE, INC., a Foreign Profit
Corporation,

                Defendant.

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

      This matter comes before the Court on the Joint Motion for Approval of Settlement (Doc. #23) filed on September 10, 2010.

      This case was brought under the Fair Labor Standards Act (FLSA) 29 U.S.C. § 201 *et. seq*. The Parties have reached a settlement agreement and seek court approval of that agreement.  In Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-1355 (11th Cir. 1982), the Eleventh Circuit explained that claims for back wages under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." "  In the Joint Motion for Approval submitted by the Parties, (Doc. #23), the Parties provide that the Defendants will pay 100% of the Plaintiff's agreed upon settlement sum plus attorney's fees. A compromise of the

original claim was reached between the parties and the Plaintiff agreed to a total of $3,750.00 as a settlement including attorney's fees and costs to be distributed as outlined below.

Plaintiff is to receive the first check in the amount of five hundred fifty dollars and zero cents ($550.00). Plaintiff is to receive the second check in the amount of five hundred fifty dollars and zero cents ($550.00). Plaintiff is to receive the third check in the amount of $2,650.00, to be made payable to Berke & Lubell, P.A., which would represent full settlement of all costs and attorney's fees.[1]

The Plaintiffs agree the settlement figure was entered into knowingly and voluntarily, after having the opportunity to fully discuss it with Counsel. The attorney's fees to be paid as part of the resolution of Plaintiff's claims were agreed upon by the parties separately and without regard to the amount paid to Plaintiff. The settlement appears to be reasonable on its face and the Plaintiff's recovery does not appear to be adversely affected by the amount of the fees paid to the attorney, in accordance with Bonetti v. Embarq. Mgmt. Co., 2009 WL 2371407 (M.D. Fla. Aug. 2009)[2]. Therefore, the Court concludes that the proposed settlement is a fair and reasonable resolution of a bona fide dispute over the FLSA.

Accordingly, it is now

**RECOMMENDED:**

---

[1] This includes 2,250.00 in attorney's fees and $400.00 in costs.

[2] The Bonetti Court held if the Plaintiff's recovery and attorney's fees were settled independently of the Plaintiff's claims, there would be no need to file the attorney's billing records unless the fees were out of line compared with the settlement agreement. Thus, the award of attorney's fees and costs would no longer require approval using the lodestar approach. See Order Doc. # 27.

The Joint Motion for Approval of Settlement (Doc. #23) should be **GRANTED** and the settlement agreement should be **APPROVED** by the District Court. It is further respectfully recommended the case should be **DISMISSED with Prejudice** pursuant to the agreement of the Parties and the Clerk should be directed to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Respectfully recommended** at Fort Myers, Florida, this ___13th___ day of September, 2010.

_/s/ Sheri Polster Chappell_
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record